IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DONALD A. PIERCE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Probation Officer HOWAD MAXDOX and Public Defender TIM HOFFMAN, | : | NO. 7:08-CV-6 (HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **DONALD A. PIERCE** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without

1

regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

## II. BACKGROUND

Plaintiff alleges that defendant probation officer Howard Maxdox issued a "hold" on plaintiff following his arrest on December 6, 2004. Defendant Maxdox thereafter failed to schedule a probation revocation hearing and plaintiff remained incarcerated for twenty-one and a half months. Defendant Maxdox allegedly issued a new arrest warrant for plaintiff on November 30, 2007, although plaintiff appears to claim he completed his maximum sentence on December 6, 2007. As to defendant Tim Hoffman, plaintiff's public defender, plaintiff claims that he has not seen Hoffman since his November 30, 2007.

## III. DISCUSSION

### A. Public Defender Tim Hoffman

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting "under color of state law." ***Id.***

Plaintiff's claim against Hoffman is for ineffective assistance of counsel. Even if Hoffman deprived plaintiff of a constitutional right, plaintiff would have no cause of action against him under section 1983. As stated above, to be liable in a section 1983 action, the defendant must act "under

color of state law." In his capacity as plaintiff's public defender, Hoffman was not acting "under color of state law" for purposes of section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); **Wahl v. McIver**, 773 F.2d 1169, 1173 (11th Cir. 1985). Accordingly, it is **RECOMMENDED** that Hoffman be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B. Probation Officer Howard Maxdox

Although it is not clear that plaintiff will ultimately prevail on the merits, the undersigned finds that plaintiff has made sufficient allegations against probation officer Howard Maxdox to withstand the frivolity review. Therefore, by separate order, plaintiff's complaint shall be allowed to proceed against Howard Maxdox only.

**SO RECOMMENDED**, this 23rd day of January, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE