IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DONALD PIERCE, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 08-CV-06 (HL) |
| Probation Officer HOWARD MADDOX, | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff filed this action in January 2008, raising challenges to his confinement allegedly resulting from a probation violation hold issued in 2004 by probation officer Howard Maddox. Presently pending herein is the defendant's Motion to Dismiss.

*Background*

The facts as set forth in plaintiff's complaint, although somewhat difficult to discern, are as follows. The plaintiff maintains that on November 30, 2007, he was arrested in Thomas County on a probation violation warrant, allegedly taken out by probation officer Howard Maddox in December 2004. The plaintiff maintains that at some point he was held for 21 ½ months in the Thomas County Jail on the basis of this probation violation, allegedly without receiving a revocation hearing. The plaintiff seeks to hold Maddox liable for these alleged constitutional violations during the revocation process and asks for damages as well as for the "probation to be dispose [sic] , dismiss off my record."

*Discussion*

The defendant's motion to dismiss can be granted only if Plaintiff's complaint, with all

factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). Although provided with notice of the defendant's motion, the plaintiff has failed to respond to the defendant's Motion to Dismiss. Plaintiff's service copy of the court's notice has not been returned as undeliverable.

The defendant states that he was notified on November 11, 2004, by the State Probation Office in Thomasville, Georgia that Plaintiff had committed the offense of theft by receiving stolen property, while on probation in Tift County on 2000 and 2002 sentences. Based on the plaintiff's commission of crimes in Thomasville, a probation violation warrant issued for plaintiff in Tift County on November 18, 2004. The plaintiff was not, however, ever held or arrested in Thomas County based on this warrant, and no attempt was made to revoke plaintiff's Tift County probation based on the November 2004 arrest in Thomas County. The November 18, 2004, probation warrant was later dismissed. On November 30, 2007, the plaintiff was arrested on the basis of a violation of a 2007 probation violation warrant, plaintiff having failed to check in with the State Probation Office in Tifton and absconding from his Tift County probation by changing addresses without permission or notice. The defendants argue that, contrary to plaintiff's contentions, he was not held in the Thomas County Jail on the basis of a probation hold issued by defendant Maddox in December 2004 and that his November 2007 arrest was on the basis of a separate 2007 probation violation warrant, identified in the hearing waiver signed by the plaintiff on February 7, 2008.

A plaintiff cannot win relief under § 1983 if "a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphreys*, 512 U.S. 477, 487 (1994). Accepting all facts in the complaint as true, the plaintiff herein challenges the constitutionality of the process by which his probation was revoked, and thereby attacks the validity of his probation revocation. *See Rolle v. Raysor*, 267 Fed. Appx. 925 (11th Cir. 2008) (Plaintiff's allegation that his constitutional rights were violated during state probation revocation proceeding failed because judgment in his favor would necessarily imply the invalidity of the conviction.); *Baskett v. Papini*, 245 Fed. Appx. 677 (9th Cir. 2007) (plaintiff's allegation that his probation officer violated his constitutional rights during his participation in sex offender treatment dismissed, because his allegations necessarily called into question the validity of the probation revocation); *Cobb v. Florida*, 2008 WL 4165223 (11th Cir. Fla.) (prisoner's challenge to the process of probation revocation dismissed because the necessary implication of a grant of relief would be the invalidity of the probation revocation.). The plaintiff has not, however, established or indicated that his sentence has been invalidated, as required by *Heck*.

Accordingly, it is the recommendation of the undersigned that the defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 17th day of December, 2008.

                /s/ **Richard L. Hodge**
                RICHARD L. HODGE
                UNITED STATES MAGISTRATE JUDGE